# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-50808
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 18, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Duron Wilson Henton,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-403-1

_____

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:*

Duron Wilson Henton, federal prisoner # 31361-039, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He contends that the district court erred both by determining that the improper imposition of a career-offender enhancement at his sentencing did not constitute an extraordinary and compelling reason

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50808

for granting § 3582(c)(1)(A)(i) relief and by failing to provide an adequate explanation for that determination.

However, Henton does not address, and has therefore abandoned any challenge to, the district court's separate determination that the 18 U.S.C. § 3553(a) factors did not support granting § 3582(c)(1)(A)(i) relief. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (holding that pro se appellant must brief arguments to preserve them); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (observing that failure to identify any error in district court's analysis is same as if appellant had not appealed). We therefore need not consider Henton's arguments regarding extraordinary and compelling reasons. *See United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022) (observing that this court routinely affirms denials of compassionate release that are independently supported by district court's weighing of § 3553(a) factors).

AFFIRMED.